■ In the Matter of the COMMISSIONER OF WELFARE OF THE CITY OF NEW YORK, Respondent, v. NICK CARONE, Appellant. In the Matter of INGEBORG PROTZMAN, Respondent, v. NICOLA CARONE, Appellant.— Orders of filiation, entered in Family Court on July 8, 1969, unanimously reversed, on the law and the facts, without costs and without disbursements, and, in the interests of justice, the proceedings remanded for a new trial. The petitioner in these proceedings was a married woman but she was separated from her husband. In a filiation proceeding, both the mother and her husband may testify as to nonaccess (Family Ct. Act, § 531). She testified as to nonaccess at the times of the impregnations sought to be charged to respondent but the record is not clear as to the whereabouts of her husband at such times. The husband was not called as a witness. In point of fact, with respect to the first born child, there was testimony that the husband was in New York, where petitioner lived, at about the time of conception but it does not appear whether he actually visited petitioner. "The possibility of access by her husband was an issue required to be determined by the trial court. (See *Moy Mee Soo* v. *Leong Yook Yick*, 21 A D 2d 45; *Matter of Findlay*, 253 N. Y. 1.) " (*Matter of Harris* v. *Doley*, 22 A D 2d 769.) Furthermore, on the record as a whole, the evidence bearing on the issue of each paternity is not entirely satisfactory. The trial court was required to resolve conflicts in the evidence and resolve issues of credibility but it failed to comply with its responsibility to state the essential facts which constituted the bases for its determination. (See *Matter of Harris* v. *Doley*, *supra*.) In the circumstances and in the interest of justice, the proceedings should be remanded for a new trial before another Justice upon which the relevant and material facts may be fully developed and following which the court should render a proper decision as required by law. Concur — Eager, J. P., Capozzoli, McGivern and Nunez, JJ.